## Case No. 4,993.

FOWLE v. ALEXANDRIA.

[3 Cranch, C. C. 70.] [1]

Circuit Court, District of Columbia. April Term, 1827.[2]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 3 Pet. (28 U. S.) 398.]

Mr. Taylor, for defendants,

Mr. Swann, contra,

Mr. Jones, in reply.

Before CRANCH, Chief Judge, and MOR-SELL and THRUSTON, Circuit Judges.

CRANCH, Chief Judge. The act of Virginia of 1796, "concerning corporations," requires that bond and security shall be taken; the condition, however, is left to the discretion of the corporation; but that condition, when once fixed by a by-law, is necessary, and cannot be dispensed with at the will of the corporation, unless that will be expressed in such a formal manner as to repeal the by-law.

The first question is, whether the corporation is liable in an action upon the case at common law, for negligence of its duty. In the case of Yarborough v. Bank of England, 16 East, 6, it is decided that trover will lie against a corporation aggregate; a fortiori an action upon the case for negligence, which requires no evidence of any act done by the defendants, but is for a mere omission. In the case of Riddle v. Proprietors of Locks & Canals, 7 Mass. 169, it is decided that case lies against a corporation aggregate, for neglect to make the canal as wide and deep as required by statute, whereby the plaintiff suffered damage. In that case Mr. Chief Justice Parsons takes "a distinction between proper aggregate corporations and quasi corporations, such as counties and towns in Massachusetts, which are invested with particular powers without their consent. No private action can be maintained against them for breach of their corporate duty, unless such action be given by statute; and the reason is, that, having no corporate fund, and no legal means of obtaining one, each corporator is liable to satisfy any judgment rendered against the corporation. This burden the common law will not impose but in a case where the statute is an authority to which every man must be considered as assenting. But in regular corporations which have, or are supposed to have a corporate fund, this reason does not apply." In such cases, where an action is given by statute, it is cumulative. Is the common council of Alexandria such a regular corporation, having or supposed to have such a corporate fund? I think it is. The inhabitants of Alexandria, as such, are no part of the corporation. The judgment cannot be levied on any inhabitant who is not a member of the common council. None of the inconveniences mentioned by the court in the case of Russell v. Men Dwelling in the County of Devon, 2 Term R. 667, can occur in this case. If the corporation granted the license contrary to law, without taking the bond and security required by law, and the plaintiff has thereby sustained a special damage, I think he may maintain his action upon the case, at common law, against the corporation.

But it is said, that the "Common Council of Alexandria" is an entirely new corporation, erected by the act of congress in 1804, and derives all its powers from that act. That by that act this new corporation is neither authorized to grant licenses to auctioneers, nor to restrain auctioneers from exercising their business without license. That the old corporation, "The Mayor and Commonalty of the Town of Alexandria," which was erected by the statute of Virginia in 1779, was, by its own consent, destroyed by the repeal of that statute by the act of congress erecting the new corporation. That the act of Virginia of 1796, "concerning corporations," which imposed the duty upon corporations to license all such auctioneers as should apply

and offer the requisite bond and security, was applicable only to corporations then in existence, and could give no authority, nor impose any duty upon a corporation subsequently erected; and therefore that the new corporation had no authority, and was not bound to require the bond and security. That the by-law of the 5th of February, 1800, although not expressly repealed, was virtually of no effect, because the authority, upon which it was founded, had ceased to exist, and could create no obligation upon the "common council" to require bond and security. In this view of the case I am inclined to concur. They cannot be bound by their own by-law unless they had authority to pass such a by-law; nor can the by-law of the old corporation bind the new, when the authority upon which that by-law rested is taken away. I am therefore of opinion that the judgment upon the demurrer should be for the defendants, upon all the counts.

It may be observed, also, that the first count does not state that the said P. G. M. ever received any money for the plaintiff; nor that the plaintiff ever demanded any from him; nor does it expressly aver that the loss happened in consequence of the negligence of the defendants; nor that the plaintiff believed that security had been given. The second count does not refer to the by-laws, or to the Virginia act of 1796; nor does the plaintiff aver it to be the duty of the common council to require the bond and security; nor that P. G. M. received the money for the sales, but says that he became indebted to the plaintiff "by means of said sales." There is nothing in this count which shows the obligation of the defendants, or the title of the plaintiff. The third count does not state that the defendants granted any license, but knowingly permitted and suffered the said P. G. M. to carry on the business of auctioneer, and took no bond and security; but received the annual rent of 500 dollars. It does not state that the said P. G. M. received any money for the goods sold. This count I think is clearly bad.

Judgment for the defendants upon the demurrer.